**PEI PEI LIU, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–0067–ag.**

United States Court of Appeals,
Second Circuit.

July 24, 2008.

Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director; Julie S. Pflu-

ger, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSEPH M. McLAUGHLIN and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Pei Pei Liu, a native and citizen of the People's Republic of China, seeks review of a December 17, 2007 order of the BIA affirming the September 12, 2006 decision of Immigration Judge ("IJ"), Gabriel C. Videla, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pei Pei Liu a.k.a. Bei Bei Liu a.k.a. Pei Liu a.k.a. Yun Jung Kim,* No. A 95 710 348 (B.I.A. Dec. 17, 2007), *aff'g* No. A 95 710 348 (Immig. Ct. N.Y. City Sept. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007) (per curiam). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He*

*Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

We conclude that substantial evidence supports the agency's adverse credibility determination refusing to credit Liu's testimony regarding her persecution based on the practice of Falun Gong. The IJ reasonably identified several inconsistencies in the record and relied on Liu's demeanor to find that she testified as though she were "working from a script." *See Tu Lin v. Gonzales,* 446 F.3d 395, 400–01 (2d Cir. 2006).

The IJ appropriately found that Liu's inconsistent answers regarding her place of residence in the United States, whether she was a student when she left China, and whether she received medical care after her arrest by school authorities suggested that she was not testifying from actual experience. The IJ also properly based his adverse credibility finding on the omission from Liu's written application of the cadres' frequent visits to her home and appropriately rejected Liu's varying explanations for that omission. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).[1] In the same vein, the IJ

---

1. Liu argues that she did, in fact, include the cadres' visits in her asylum application but that the discussion of the visits was left out of the English translation of her application.

Liu offers a new translation of the application that mentions the visits. However, Liu did not raise this argument to the BIA, and thus it is not properly before us. *See Lin Zhong v.*

noted that Liu did not mention, during her airport interview, her alleged arrest by school authorities. The IJ was not obliged to credit Liu's explanation that she thought that immigration officials were asking whether she had been arrested by government authorities. *See id.*

The IJ also relied on Liu's demeanor to find that she had memorized her answers. We owe this demeanor finding "great deference." *Tu Lin,* 446 F.3d at 400.

Given that substantial evidence supports the agency's adverse credibility determination, its denial of Liu's applications for asylum, withholding of removal, and CAT relief was proper because each claim rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

*U.S. Dep't of Justice,* 480 F.3d 104, 123 (2d Cir.2007).

